**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 22 2017

JAMES W. McCORMACK, CLERK
By:_____
                              DEP CLERK



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

|  |  |
|---|---|
| STAR BUFFET, INC. AND SOUTHERN BARNS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TGB GLORY, LLC DBA BARNHILL'S STEAKS AND BUFFET AND STEVEN C. BARNHILL, <br><br> Defendants. | Civil Action No. 4:17-cv-533-SWW <br><br> This case assigned to District Judge _Wright_ and to Magistrate Judge _Kearney_ |

### COMPLAINT

Plaintiffs Star Buffet, Inc. and Southern Barns, Inc., a wholly owned subsidiary of Star Buffet, Inc. (collectively, "SBI"), hereby complain of Defendants TGB Glory, LLC DBA Barnhill's Steaks and Buffet ("TGB Glory") and Steven C. Barnhill ("Barnhill") (collectively, "Defendants"), and allege as follows:

### PARTIES

1.      Star Buffet, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2501 N. Hayden Road, Suite 103, Scottsdale, Arizona. Southern Barns, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2501 N. Hayden Road, Suite 103, Scottsdale, Arizona.

2.      Upon information and belief, Defendant TGB Glory is a limited liability company organized and existing under the laws of the State of Arkansas, having a principal place of business at 500 Gregory Street Jacksonville, Arkansas 72076. Upon information and belief, Defendant Barnhill is an individual, residing in Beebe, Arkansas.

## JURISDICTION AND VENUE

3.      This is an action for: (a) trademark infringement arising under 15 U.S.C. § 1114, (b) trademark infringement and false designation of origin arising under 15 U.S.C. § 1125(a), and (c) unfair competition arising under the common law of the State of Arkansas.

4.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

5.      This Court has personal jurisdiction over Defendant TGB Glory because TGB Glory has its principal place of business and a continuous, systematic and substantial presence within this Judicial District and within Arkansas.  Upon information and belief, this Court has personal jurisdiction over Defendant Barnhill because he is a resident of Arkansas and has a continuous, systematic and substantial presence within this Judicial District and within Arkansas. In addition, by committing acts of trademark infringement, false designation of origin and unfair competition in this Judicial District, including, but not limited to, using an infringing mark in connection with the promotion, sale and offering for sale of services to customers in this Judicial District, Defendants' acts form a substantial part of the events or omissions giving rise to SBI's claims.

6.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendants reside in this Judicial District and a substantial portion of the events complained of herein took place in this Judicial District.

## COMMON ALLEGATIONS FOR ALL COUNTS

### SBI's Trademarks

7.      SBI, directly and through its subsidiaries, provides restaurant services.

8.     Since long before Defendants' acts described herein, SBI began using its BARNHILL'S SALADS BUFFET DESSERTS® mark in connection with the restaurant "Barnhill's Country Buffet" in Jonesboro, Arkansas.

9.     SBI is the owner of U.S. Trademark Registration No. 4,652,229 for the mark BARNHILL'S SALADS BUFFET DESSERTS in connection with restaurant services. Attached hereto as Exhibit 1 is a true and correct copy of SBI's trademark registration, which is hereby incorporated by reference.

10.     SBI's BARNHILL'S SALADS BUFFET DESSERTS mark is the subject of substantial and continuous marketing and promotion by SBI in connection with its restaurant services. SBI has and continues to market and promote its BARNHILL'S SALADS BUFFET DESSERTS mark to consumers by displaying the BARNHILL'S SALADS BUFFET DESSERTS mark on signs, menus and point of sale materials inside the Barnhill's Country Buffet restaurant. Shown below are true and accurate pictures illustrating SBI's use of the BARNHILL'S SALADS BUFFET DESSERTS mark.







11.    SBI's BARNHILL'S SALADS BUFFET DESSERTS services and Barnhill's Country Buffet restaurant have achieved substantial commercial success. As a result of SBI's continuous use and promotion of its BARNHILL'S SALADS BUFFET DESSERTS mark, the mark has acquired great value as a specific identifier of SBI's restaurant services and serves to identify and distinguish SBI's services from those of others. Customers in this Judicial District and elsewhere readily recognize SBI's BARNHILL'S SALADS BUFFET DESSERTS mark as a distinctive designation of the origin of SBI's restaurant services. The BARNHILL'S SALADS BUFFET DESSERTS mark is an intellectual property asset of enormous value as a symbol of SBI and its quality services, reputation and goodwill.

**Defendants' Infringement**

      12.    On information and belief, Defendants provide, market and promote restaurant services.  Defendants operate a restaurant called "Barnhill's Steaks Buffet" in Jacksonville, Arkansas.

      13.    Without permission or consent from SBI, Defendants have promoted, sold and are offering restaurant services using a trademark that is confusingly similar to SBI's BARNHILL'S SALADS BUFFET DESSERTS mark: BARNHILL'S STEAKS BUFFET.  Shown below are true and accurate pictures illustrating Defendants' promotion of the confusingly similar BARNHILL'S STEAKS BUFFET mark.





14.     As shown below, Defendants' use the confusingly similar BARNHILL'S STEAKS

BUFFET mark in a manner that is almost identical to SBI's use of its BARNHILL'S SALADS

BUFFET DESSERTS mark.

**SBI's use**                              **Defendants' use**



15.     Defendants are clearly aware of SBI and its valuable trademark, as evidenced by

their use of the confusingly similar BARNHILL'S STEAKS BUFFET mark as the name of one of

their restaurants and on their menus and promotional materials.  Defendants are also aware of SBI

and its valuable trademark from letters sent to Defendants demanding that Defendants cease the infringement. Despite receiving and acknowledging these letters, Defendants continue to use the BARNHILL'S STEAKS BUFFET mark, which is confusingly similar to SBI's BARNHILL'S SALADS BUFFET DESSERTS mark.

16.     Defendants have attempted to capitalize on SBI's valuable reputation and customer goodwill in its BARNHILL'S SALADS BUFFET DESSERTS mark and restaurant services by using the confusingly similar BARNHILL'S STEAKS BUFFET mark in connection with the restaurant services in a manner that is likely to cause consumers and potential customers to believe that Defendants' restaurant services are associated with SBI or SBI's BARNHILL'S SALADS BUFFET DESSERTS restaurant services, when they are not.

17.     Without permission or consent from SBI, Defendants have infringed SBI's BARNHILL'S SALADS BUFFET DESSERTS mark in interstate commerce by using, promoting, advertising, selling and/or offering to sell restaurant services using a mark that is confusingly similar to SBI's BARNHILL'S SALADS BUFFET DESSERTS mark.

18.     Upon information and belief, Defendants' actions alleged herein are intended to cause confusion, mistake or deception as to the source of Defendants' restaurant services and Defendants' acts complained of herein are willful and deliberate.

19.     Upon information and belief, Defendants' actions alleged herein are intended to cause consumers and potential customers to believe that Defendants' business and the services that Defendants offer are associated with SBI or SBI's BARNHILL'S SALADS BUFFET DESSERTS restaurant services, when they are not.

20.     By virtue of the acts complained of herein, Defendants have created a likelihood of injury to SBI's business reputation and goodwill, caused a likelihood of consumer confusion,

mistake and deception as to the source of origin or relationship of SBI's services and Defendants' restaurant services, unfairly competed with SBI and used the BARNHILL'S STEAKS BUFFET mark without SBI's permission or consent.

21.     Upon information and belief, Defendants' acts complained of herein are willful and deliberate.

22.     Defendants' acts complained of herein have caused damage to SBI in an amount to be determined at trial and such damages will continue to increase unless Defendants are enjoined from its wrongful acts and infringement.

23.     Defendants' acts complained of herein have caused SBI to suffer irreparable injury to its business.  SBI will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from the wrongful acts complained of herein.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

24.     SBI hereby repeats, realleges and incorporates by reference paragraphs 1-23 of this Complaint as though fully set forth herein.

25.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

26.     SBI owns valid and enforceable U.S. Trademark Registration No. 4,652,229.

27.     Defendants have used in commerce, without permission from SBI, a mark confusingly similar to SBI's BARNHILL'S SALADS BUFFET DESSERTS mark that is the subject of U.S. Trademark Registration No. 4,652,229 in connection with the advertising, marketing, promoting and/or sale of Defendants' restaurant services.  Such use is likely to cause confusion or mistake or to deceive.

28.     Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringements of SBI's registered mark, and Defendants did so with the intent to trade upon SBI's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' restaurant services are associated with, sponsored by, originated from or are approved by SBI, when they are not.

29.     Upon information and belief, Defendants had actual knowledge of SBI's ownership and prior use of the BARNHILL'S SALADS BUFFET DESSERTS mark and have willfully violated 15 U.S.C. § 1114.

30.     Defendants, by their actions, have damaged SBI in an amount to be determined at trial.

31.     Defendants, by their actions, have irreparably injured SBI.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of SBI's rights, for which SBI has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))

32.     SBI hereby repeats, realleges and incorporates by reference paragraphs 1-31 of this Complaint as though fully set forth herein.

33.     This is an action for trademark infringement and false designation of origin arising under 15 U.S.C. § 1125(a).

34.     As a result of the continuous use and promotion of SBI's BARNHILL'S SALADS BUFFET DESSERTS mark, the mark has acquired strong goodwill and secondary meaning to

consumers and potential customers in that consumers and potential customers have come to associate the BARNHILL'S SALADS BUFFET DESSERTS mark with SBI.

35.     Defendants have infringed SBI's BARNHILL'S SALADS BUFFET DESSERTS mark and created a false designation of origin by using in commerce, without SBI's permission, the confusingly similar BARNHILL'S STEAKS BUFFET mark in connection with the promotion, advertisement, offering for sale and/or sale of Defendants' restaurant services.

36.     Defendants' actions are likely to cause confusion and mistake or to deceive as to the affiliation, connection or association of SBI with Defendants and/or as to the origin, sponsorship or approval of Defendants' services or Defendants' commercial activities in violation of 15 U.S.C. § 1125(a).

37.     Upon information and belief, Defendants did so with the intent to trade upon SBI's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' services are associated with, sponsored by or approved by SBI, when they are not.

38.     Upon information and belief, Defendants had actual knowledge of SBI's ownership and prior use of the BARNHILL'S SALADS BUFFET DESSERTS mark and, without the consent of SBI, willfully violated 15 U.S.C. § 1125(a).

39.     Defendants, by their actions, have damaged SBI in an amount to be determined at trial.

40.     Defendants, by their actions, have irreparably injured SBI.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of SBI's rights, for which SBI has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (Arkansas Common Law Unfair Competition)

41.     SBI hereby repeats, realleges and incorporates by reference paragraphs 1-40 of this Complaint as though fully set forth herein.

42.     This is an action for unfair competition under the common law of the State of Arkansas.

43.     Defendants' acts complained of herein are likely to cause confusion in the trade as to the source of Defendants' services and are likely to lead the public to mistakenly believe that Defendants or Defendants' services are in some way connected with SBI.

44.     Defendants have passed off their services as that of SBI by using a trademark that is confusingly similar to SBI's BARNHILL'S SALADS BUFFET DESSERTS mark for the purpose of deceiving the public and thus obtained the benefits that would have accrued to SBI.

45.     Defendants' actions constitute intentional and willful unfair competition and palming off in violation of the common law of Arkansas.  As set forth more fully above, SBI has invested a substantial amount of time, skill and money in its services and developing its BARNHILL'S SALADS BUFFET DESSERTS mark.  Defendants' acts and conduct in using the confusingly similar BARNHILL'S STEAKS BUFFET mark were done without the authorization or consent of SBI at little or no cost to Defendants.

46.     By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with SBI in violation of the common law of the State of Arkansas.

47.   As a direct and proximate result of the Defendants' unfair competitive acts, SBI has been injured and damaged and is entitled to injunctive relief and to recover actual damages, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, SBI prays for judgment against Defendants as follows:

A.  That the Court enter a final judgment in favor of SBI and against Defendants on all claims for relief alleged herein;

B.  That the Court enter a final judgment that Defendants have willfully violated the provisions of 15 U.S.C. § 1114 by infringing SBI's trademark rights in the BARNHILL'S SALADS BUFFET DESSERTS mark that is the subject of U.S. Trademark Registration No. 4,652,229;

C.  That the Court enter a final judgment that Defendants have violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing SBI's BARNHILL'S SALADS BUFFET DESSERTS mark and by using a false designation of origin, false description or false representation through the marketing, sale and promotion of Defendants' restaurant services;

D.  That the Court enter a final judgment that Defendants have unfairly competed with SBI in violation of Arkansas common law;

E.  That Defendants, their agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

a.   using the BARNHILL'S STEAKS BUFFET mark in connection with Defendants' goods or services, using the BARNHILL'S STEAKS BUFFET mark in

advertising or promoting Defendants' goods or services and/or using SBI's BARNHILL'S SALADS BUFFET DESSERTS mark or any confusingly similar variation thereto in any manner that is likely to create the impression that Defendants' goods or services originate from SBI, are endorsed by SBI or are connected in any way with SBI;

     b.    manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling and/or offering to sell any products or services bearing the BARNHILL'S STEAKS BUFFET mark, SBI's BARNHILL'S SALADS BUFFET DESSERTS mark and/or any marks confusingly similar to SBI's BARNHILL'S SALADS BUFFET DESSERTS mark;

     c.    otherwise infringing the BARNHILL'S SALADS BUFFET DESSERTS mark;

     d.    falsely designating the origin of Defendants' goods or services;

     e.    unfairly competing with SBI in any manner whatsoever; and

     f.    causing a likelihood of confusion or injury to SBI's business reputation;

     F.  That Defendants be directed to file with this Court and serve on SBI within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1114;

     G.  That Defendants be required to account to SBI for any and all profits derived by Defendants and all damages sustained by SBI by virtue of Defendants' acts complained of herein;

     H.  That Defendants be ordered to pay over to SBI all damages which SBI has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

I.  That Defendants' actions be deemed willful;

J.  That an award of reasonable costs, expenses, and attorneys' fees be awarded to SBI pursuant to at least 15 U.S.C. § 1117;

K.  That Defendants be required to deliver and destroy all products, packaging, literature, advertising and other materials bearing the infringing marks pursuant to 15 U.S.C. § 1118;

L.  That SBI be awarded restitution and disgorgement; and

M.  That SBI be awarded such other and further relief as this Court may deem just.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury of all issues in its Complaint that are so triable.

Respectfully submitted,

By: _____

Kathryn Bennett Perkins
Arkansas Bar No. 92231
Byron J. Walker
Arkansas Bar No. 2002114
ROSE LAW FIRM
a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309

Attorneys for Plaintiffs Star Buffet, Inc. and
Southern Barns, Inc.

Dated: August 22, 2017